IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICK WINN                                                          PETITIONER
ADC #130366

V.                              NO.  4:04cv01024 SWW-JWC

LARRY NORRIS, Director,                                             RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Patrick Winn, formerly an Arkansas Department of Correction (ADC) inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his state court convictions (docket entries #2, #14).   Respondent concedes (docket entry #11) that Petitioner is in his custody[1] and has exhausted all nonfutile state remedies.  *See* 28 U.S.C. § 2254(a) & (b).  Because Petitioner's claims are procedurally barred, his petition should be **dismissed** in its entirety.

I.
Background

Following entry of a negotiated guilty plea in February 2004 in the Circuit Court of Lonoke County, Arkansas, Petitioner was convicted of one count of manufacturing a

---

[1]Although recently paroled (docket entry #17), Petitioner was in ADC custody at the time of filing this petition, thus satisfying the jurisdictional custody requirement.  *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (custody tested at time of filing petition); *Beets v. Iowa Dept. of Corrections Services*, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999) (custody requirement met even though petitioner released during pendency of habeas petition).

controlled substance (methamphetamine) and one count of possessing drug paraphernalia with the intent to manufacture methamphetamine. He was sentenced to forty-eight months imprisonment in the ADC, followed by a seventy-two month suspended imposition of sentence.[2] By pleading guilty, he waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim 1(a) (2007). On May 24, 2004, Petitioner filed in the circuit court a petition for declaratory judgment and writ of mandamus, which was denied on June 8, 2004, as being an improper remedy for Petitioner's claims. *State v. Winn*, No. CR 02-348 (Lonoke Co. Cir. Ct. Jun. 8, 2004). The circuit court's docket sheet indicates that Petitioner filed in that court an "objection to order and notice of appeal" on June 24, 2004; however, there is no evidence or allegation that he ever perfected his appeal by lodging the lower court record with the Arkansas Supreme Court, as required by the appellate rules of procedure. *See* Ark. R. App.-Crim. 4(a); Ark. R. App. P.-Civ. 5(a).

Petitioner then filed this action as a civil rights complaint under 42 U.S.C. § 1983 (docket entry #2), alleging that the Arkansas statute requiring certain classes of offenders to serve seventy percent of their sentences prior to being eligible for parole or transfer was being unconstitutionally applied to him. *See* Ark. Code Ann. § 16-93-611 (2006) (providing that anyone convicted of certain serious offenses, including the manufacture of methamphetamine, will not be eligible for parole or community punishment transfer until he has served seventy percent of his sentence). By previous order (docket entry #7), the Court determined that he was attempting to attack the length of the sentence imposed in

---

[2]The procedural history is documented by the unnumbered exhibits Petitioner attached to his petition (docket entry #2), as well as the Lonoke County Circuit Court docket sheet submitted by Respondent as an exhibit to docket entry #11.

his state-court criminal proceedings, a type of claim not cognizable in § 1983 actions, but instead one that should have been brought as a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.   In response to the Court's order advising him of his options, Petitioner asked (docket entry #8) that the action be reclassified as a § 2254 habeas proceeding and that he be allowed to submit an amended § 2254 habeas petition.  The Court granted his requests (docket entry #9).  When Petitioner failed to file an amended petition, the Court directed Respondent to answer the original complaint/petition (docket entry #10).   Petitioner later filed an amended petition and addressed Respondent's arguments for dismissal (docket entry #14).

The habeas petition, as amended, alleges that the state court effectively sentenced Petitioner to a mandatory minimum sentence without advising him that he would be required to serve seventy percent of his sentence pursuant to Ark. Code Ann. § 16-93-611. He alleges that this violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.   He also alleges that this was a "judicial sentence enhancement" and that the facts supporting it were neither admitted by him nor found by a jury, thereby violating his Sixth Amendment right to trial by jury, citing *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

II.
Analysis

Respondent contends that federal review of Petitioner's claims is barred because Petitioner failed to first properly present them to the state's highest court, resulting in a procedural default.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.* A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 127 S. Ct. 673 (2006).

A state prisoner is required to properly present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that failure to appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default. *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1569 (2006).

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Cause

5

requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. Pro se status and unfamiliarity with legal arguments and procedural matters are not sufficiently external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Petitioner's post-conviction petition in the state court alleged, in part, that the seventy percent law was unconstitutional and was improperly being applied to his sentence. (Pet. for Decl. J. & Writ of Mandamus, at 3). However, this was not a fair presentation of his current claims for several reasons.

First, it does not appear that he made the specific constitutional arguments that he presents now. To fairly present a claim in state court, a petitioner "is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 126 S. Ct. 93 (2005). Mere similarity of claims is insufficient. *Id.*

Second, the circuit court held that Petitioner's requests for declaratory judgment and writ of mandamus were "not appropriate remedies" for his claims challenging his sentence. (6/8/04 Ord. Denying Relief ¶ 2.) Under Arkansas law, all grounds for post-conviction relief are to be brought in petition in the circuit court pursuant to Ark. R. Crim. P. 37, including all claims that a sentence is illegal or was imposed in violation of federal or state law. Ark. R. Crim. P. 37.1(a), 37.2(b). This Court cannot second-guess the state courts as to

whether Petitioner actually complied with the state's own procedural rules.   A federal habeas court "should not consider whether the state court *properly* applied its default rule to [a] claim; federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules." *Collier v. Norris*, 485 F.3d 415, 426 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)); *see Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) (if highest state court says not properly raised in state habeas proceeding, "that is the end of the matter").   If a state court has applied an adequate procedural rule to bar a particular claim, the only questions left for a federal habeas court are whether the petitioner can show cause and prejudice, or actual innocence. *Clemons*, 381 F.3d at 750-51.

Moreover, even if the circuit court had construed Petitioner's post-conviction request as a Rule 37 petition, the court would have had no jurisdiction to grant relief as it was untimely.  *See* Ark. R. Crim. P. 37.2(c) (when conviction is rendered pursuant to a guilty plea, Rule 37 petition must be filed, in the circuit court which imposed the sentence, within ninety days of entry of the judgment of conviction); *Booth v. State*, 110 SW.3d 759, 760 (Ark. 2003) (Rule 37's time limitations are jurisdictional, and relief cannot be granted on an untimely petition for post-conviction relief).   Judgment was entered on Petitioner's guilty plea on February 17, 2004, and his post-conviction motion was filed ninety-seven days later, on May 24, 2004.  (*See* exhibits to docket entries #2 & #11.)

Finally, even if Petitioner had raised his claims in a timely and proper motion in the circuit court, it is undisputed that he failed to perfect an appeal of its denial to the Arkansas

Supreme Court by lodging the record in the manner prescribed by state law.[3]   The

Arkansas appellate courts consistently require all litigants, including those who proceed pro

se, to bear responsibility for taking the necessary steps for perfecting an appeal and

conforming to the applicable procedural rules.   *See, e.g., Timmons v. Norris*, No. CR 07-

32, 2007 WL 273951, *1-*2  (Ark. Sup. Ct. Feb. 1, 2007); *Tarry v. State*, 57 S.W.3d 163,

164 (Ark. 2001); *Sullivan v. State*, 784 S.W.2d 155, 156 (Ark. 1990) (responsibility to timely

lodge record belongs to appellant, even if pro se, indigent and incarcerated).   Moreover,

the Eighth Circuit Court of Appeals has found that the Arkansas procedural rules governing

the filing of the appellate record are reasonable and adequate to bar federal habeas review

and that their general application does not violate due process.   *Lovell v. Norris,* 198 F.3d

674, 676-79 (8th Cir. 1999).   As far as the Court can tell, after filing his pro se notice of

appeal,[4] Petitioner took no further action regarding his post-conviction appeal, allowing the

applicable period for lodging the record to pass and making no effort to file the record

---

[3]Under Arkansas law, the record must be tendered to the state appellate court within 90 days of the notice of appeal.  Ark. R. App. P.-Crim. 4(a); Ark. R. App. P.-Civ. 5(a). Extensions may be requested from the lower court; however, the motion for extension must be filed before expiration of the 90-day period, and the period for filing may not be extended more than seven months from entry of the order being appealed.  Ark. R. App. P.-Civ. 5(b).  When a criminal defendant has failed to perfect an appeal of his criminal conviction or of the denial of post-conviction relief by lodging the record within the time allowed by the state procedural rules, he may file a motion for rule on the clerk pursuant to Ark. Sup. Ct. R. 2-2, attempting to demonstrate a "good reason" why the appeal was not timely perfected.  See McDonald v. State, 146 S.W.3d 883, 887-89 (Ark. 2004).

[4]Arkansas law has specific procedural requirements regarding the contents of a notice of appeal, *see* Ark. R. App. P.-Civ. 3(e), and it is questionable whether these were satisfied by Petitioner's "objection to order and notice of appeal."  *See Lenz v. State*, No. CR 03-1270, 2004 WL 171656, *1 (Ark. Sup. Ct. Jan. 29, 2004) (denying belated appeal where pro se appellant's notice of appeal did not conform with Rule 3(e) because there was no clear designation of the order being appealed, no designation of the contents of the record on appeal, and no statement that the appellant had ordered the record).

belatedly.  He thus failed to perfect the appeal, denying the Arkansas Supreme Court the opportunity to review the claims presented.

In short, Petitioner did not present his federal habeas claims to the state courts in a timely and procedurally correct manner, and the time for doing so has expired. Therefore, his claims are procedurally defaulted and federal habeas review is barred unless he can make the requisite showing of cause and prejudice, or actual innocence. Petitioner makes no attempt to demonstrate cause, and none is shown in his pleadings. As stated, his default is not excused by his pro se status or lack of knowledge regarding legal procedure.  Furthermore, because there is no constitutional entitlement to counsel in state post-conviction proceedings, the lack of counsel in connection with such proceedings cannot constitute cause excusing a procedural default.  *Coleman*, 501 U.S. at 752-54, 757; *Interiano*, 471 F.3d at 856-57.

To excuse his default, Petitioner contends that failure to consider his claims "would result in a fundamental miscarriage of justice, that is, that numerous Constitutional violations have occurred, and resulted in the continued incarceration of one who should be free" (docket entry #14 ¶ 9).  To overcome a procedural default on this basis, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him."  *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995).  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Id.* at 316.

9

Petitioner does not present any evidence in support of his fundamental-miscarriage-of-justice claim, much less anything "new" or "reliable."  A petitioner must present actual evidence of his innocence; bare allegations are insufficient to invoke the exception. *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999); *see Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*, 127 S. Ct. 590 (2006).  Additionally, Petitioner's claims attack his sentence and, therefore, are claims of legal rather than factual innocence, which must fail under *Schlup*.  *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (exception is concerned with claims of factual innocence, not mere legal insufficiency); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) (claim that sentencing statute wrongly applied is one of legal innocence).

Petitioner has thus failed to demonstrate cause-prejudice or actual innocence, and his claims should be dismissed as procedurally barred.


### III.
### Conclusion

Petitioner's claims are procedurally barred.  Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus, as amended (docket entries #2, #14) should be **dismissed** in its entirety, with prejudice.

DATED this 20th day of July, 2007.


_____
UNITED STATES MAGISTRATE JUDGE